1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MYLVIN OTIS LEWIS,

11          Petitioner,                    No. CIV S-03-2211 GEB EFB P

12      vs.

13  MIKE KNOWLES,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15  _____/

16       Petitioner is a state prisoner proceeding *in propria persona* with an application for a writ

17  of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the sentence he received

18  on a 2001 conviction for felony car theft and receiving stolen property.  He seeks relief on the

19  grounds that his sentence constitutes cruel and unusual punishment and the trial judge abused his

20  discretion when he failed to strike any of petitioner's prior convictions at sentencing.  Upon

21  careful consideration of the record and the applicable law, the undersigned recommends that

22  petitioner's application for habeas corpus relief be denied.

23  ////

24  ////

25  ////

26  ////

1

1    **I.      Background**[1]

2            Defendant entered a plea of guilty to taking and driving a vehicle
        (Veh.Code, § 10851) and receiving stolen property (Pen.Code, §
3        496; further undesignated section references are to the Penal
        Code), and he admitted eight prior felony convictions within the
4        meaning of sections 667, subdivisions (b)-(I) and 1170.12.
        Sentenced to a total indeterminate term of 25 years to life in state
5        prison, defendant appeals, contending the trial court abused its
        discretion when it failed to strike seven of the eight prior felony
6        conviction allegations. We affirm the judgment.

7            **Facts**

8            On June 9, 2000, an officer stopped defendant for a traffic
        violation and found he was in possession of a stolen car.  At the
9        beginning of trial, defendant asked the court to exercise its
        discretion to strike the prior felony conviction allegations from
10        1972 and 1976 as remote and dissimilar to the current offenses.
        The court declined to do so at that time but did not foreclose a later
11        request at sentencing.  Subsequently, defendant entered a plea of
        guilty to the offenses charged in the complaint (Veh.Code, § 10851
12        and § 496) and admitted he had the following prior felony
        convictions: (1) 1989 burglary (§ 459); (2) 1976 robbery (§ 211);
13        (3) 1976 burglary (§ 459); (4) 1976 burglary (§ 459); (5) 1976
        attempted murder (§§ 664/187); (6) 1976 rape (§ 261.3); (7) 1976
14        attempted sodomy (§§ 664/286); and (8) 1972 robbery (§ 211).

15            According to the probation report, in addition to the above
        offenses, defendant was committed to the California Youth
16        Authority (CYA) for an unknown adjudication in 1969 and
        released in 1970.  Defendant was committed to CYA a second time
17        for the offenses committed in 1972; he escaped from and was
        returned to CYA in 1972 and was paroled in 1975.  He was sent to
18        state prison for offenses committed in 1975 and 1976 and was
        paroled in 1982.  He violated parole once and was discharged from
19        parole in 1984.  In 1984 and 1986 he was convicted of two
        misdemeanors: disorderly conduct (§ 647, subd. (b)) and burglary
20        (§ 459).  In 1988 and 1989 defendant suffered convictions for three
        petty thefts with prior theft-related convictions (§ 666), possession
21        of cocaine (Health & Saf.Code, § 11350) and the charged prior
        conviction for burglary (§ 459) and was sentenced to state prison

22

23            [1]  The following summary is drawn, in part, from the August 22, 2002 opinion by the
     California Court of Appeal for the Third Appellate District (hereinafter Opinion), at pps. 1-4,
24    filed in this court on June 10, 2004, as part of Exhibit 4 to the Answer.  This court presumes that
     the state court's findings of fact are correct unless petitioner rebuts that presumption with clear
25    and convincing evidence.  28 U.S.C. § 2254(e)(1); *Davis v. Woodford*, 384 F.3d 628, 638 (9th
     Cir. 2004).  Petitioner has not attempted to overcome the presumption with respect to the
26    underlying events. The court will therefore rely on the state court's recitation of the facts.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

for a total term of 10 years four months.  He was paroled in 1995 and violated parole eight times before he was discharged from parole in 1999.  While on parole, defendant committed two more theft-related misdemeanors: petty theft with a prior theft-related offense (§ 666) in 1996 and unauthorized entry of a dwelling (§ 602.5) in 1998.  The probation report further stated that, while in custody on the current offense, defendant had six minor and three major jail infractions, one of which was assaulting another inmate.

Evidence at the sentencing hearing established that the then-47-year-old defendant had some skills as an automobile mechanic, and relatives believed he could become a productive member of society.  However, while encouraged to enter substance abuse rehabilitation, defendant had not done so.  Defendant admitted he had stolen the car and driven from Oakland to Sacramento to get food stamps, because he was on general assistance in Sacramento.

At the close of testimony, defense counsel again moved to strike seven of the prior felony conviction findings, arguing defendant had changed and no longer committed crimes of violence. Counsel suggested that, with the single remaining prior felony conviction finding, the court would still have the ability to impose a substantial period of imprisonment.

The court denied the application to strike the prior felony conviction findings and sentenced defendant to an indeterminate term of 25 years to life for violation of Vehicle Code section 10851 and stayed imposition of sentence on the violation of section 496 pursuant to section 654, because the act underlying the two counts was identical.  The court then discussed the reasons for denying defendant's application to strike the prior felony conviction findings.  The court relied on "the seriousness of his historical crimes," defendant's continued pattern of criminality after release from a substantial term in state prison, the seriousness of the current offense, and the lack of effort on defendant's part to deal with his drug problem and to change his lifestyle.  The court further noted defendant was cheating on the welfare system when the crime was committed.  Overall, the court concluded defendant did come within the spirit of the three strikes law.

Petitioner filed a timely appeal of his conviction in the California Court of Appeal. Answer, Ex. 1.  Therein, he argued that the trial court abused its discretion in declining to dismiss his prior convictions at the sentencing proceedings, and that his sentence constituted cruel and unusual punishment.  *Id.*  The Court of Appeal rejected both of petitioner's claims and affirmed his judgment of conviction in its entirety.  Answer, Ex. 3.  Petitioner subsequently filed

3

1   a petition for review in the California Supreme Court, raising a sole claim that his sentence under

2   the Three Strikes law constituted cruel and unusual punishment.  Answer, Ex. 4.  That petition

3   was summarily denied.  Answer, Ex. 5.

4         The instant habeas petition was filed in this court on October 22, 2003.  Therein,

5   petitioner claimed that his sentence constitutes cruel and unusual punishment.  He also claimed

6   that the trial court abused its discretion in not striking his prior convictions at sentencing, and

7   that his plea had been induced by the trial court and the attorneys acting in concert.  On

8   December 29, 2003, respondent filed a motion to dismiss, arguing that petitioner's latter claims

9   (not striking priors and that the plea was induced) had not been exhausted in state court.  On

10   April 2, 2004, petitioner elected to file an amended habeas petition raising his only exhausted

11   claim: that his sentence constitutes cruel and unusual punishment.  Respondent filed an answer

12   on June 10, 2004, and petitioner filed a traverse on August 24, 2004.

13   **II.    Analysis**

14         **A.  Standards for a Writ of Habeas Corpus**

15         Federal habeas corpus relief is not available for any claim decided on the merits in state

16   court proceedings unless the state court's adjudication of the claim:

17              (1) resulted in a decision that was contrary to, or involved an
                unreasonable application of, clearly established Federal law, as
18              determined by the Supreme Court of the United States; or

19              (2) resulted in a decision that was based on an unreasonable
                determination of the facts in light of the evidence presented in the
20              State court proceeding.

21   28 U.S.C. § 2254(d).

22         Under section 2254(d)(1), a state court decision is "contrary to" clearly established

23   United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law

24   set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially

25   indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at a different

26   result.  *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406

4

1   (2000)).

2          Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas

3   court may grant the writ if the state court identifies the correct governing legal principle from the

4   Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's

5   case. *Williams*, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because

6   that court concludes in its independent judgment that the relevant state-court decision applied

7   clearly established federal law erroneously or incorrectly.  Rather, that application must also be

8   unreasonable." *Id*. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not

9   enough that a federal habeas court, in its independent review of the legal question, is left with a

10  'firm conviction' that the state court was 'erroneous.'")

11         The court looks to the last reasoned state court decision as the basis for the state court

12  judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court reaches a

13  decision on the merits but provides no reasoning to support its conclusion, a federal

14  habeas court independently reviews the record to determine whether habeas corpus relief is

15  available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

16         **B.  Petitioner's Claims**

17         Petitioner claims that his sentence of twenty-five years to life in state prison pursuant to

18  California's Three Strikes law constitutes cruel and unusual punishment.  Petitioner raised this

19  claim for the first time in his direct appeal.  The California Court of Appeal rejected the claim,

20  reasoning as follows:

21              **1.  Cruel and Unusual Punishment**

22              For the first time on appeal, defendant argues his sentence is so
                disproportionate to his crime as to violate both the Eighth
23              Amendment of the federal Constitution and article I, section 17 of
                the California Constitution.  Although subject to waiver for failing
24              to assert the issue in the trial court (*see People v. DeJesus* (1995)
                38 Cal.App.4th 1, 27, 44 Cal.Rptr.2d 796), we shall address the
25              question.

26  ////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

> The Eighth Amendment "'forbids only extreme sentences that are "grossly disproportionate" to the crime.'" (*People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1135, 46 Cal.Rptr.2d 351.) Defendant's sentence, 25 years to life, is neither extreme nor grossly disproportionate in light of his history of recidivism, continuous parole violations, the seriousness of the current offense and evidence of ongoing violent propensities. (*Ibid.; cf. Harmelin v. Michigan* (1991) 501 U.S. 957 [115 L.Ed.2d 836], mandatory life sentence without possibility of parole for possession of more than 650 grams of cocaine; *Rummell v. Estelle* (1980) 445 U.S. 263 [63 L.Ed.2d 382], life sentence for nonviolent recidivist convicted of obtaining $120.75 by false pretenses.)
>
> Similarly, a "punishment may violate the California Constitution ... if 'it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.'" (*People v. Cartwright, supra*, 39 Cal.App.4th 1123 at p. 1136, 46 Cal.Rptr.2d 351.) Considering defendant's long history of criminal conduct and his failure to rehabilitate despite opportunities to do so, his lengthy sentence as a recidivist under the three strikes law cannot be said to shock the conscience.
>
> Defendant relies on the recent decision of *Andrade v. Attorney General of California* (9th Cir. 2001) 270 F.3d 743. We are not bound by the decisions of the lower federal courts. (*People v. Bradley* (1969) 1 Cal.3d 80, 86, 81 Cal.Rptr. 457, 460 P.2d 129.) The case is factually distinct (although by distinguishing it, we do not mean to suggest that we agree with *Andrade* even on the facts it was called on to consider). The current felony is significantly more serious than the petty theft at issue in Andrade, which was elevated to a felony by the existence of a prior theft-related offense.
>
> **Disposition**
>
> The judgment is affirmed.

20 | Opinion at 6-7.

21      The United States Supreme Court has held that the Eighth Amendment includes a

22 "narrow proportionality principle" that applies to terms of imprisonment. *See Harmelin v.*

23 *Michigan*, 501 U.S. 957, 996 (1991) (Kennedy, J., concurring). *See also Taylor v. Lewis*, 460

24 F.3d 1093, 1097 (9th Cir. 2006). However, successful challenges in federal court to the

25 proportionality of particular sentences are "exceedingly rare." *Solem v. Helm*, 463 U.S. 277,

26 289-90 (1983). *See also Ramirez v. Castro*, 365 F.3d 755, 775 (9th Cir. 2004). "The Eighth

1   Amendment does not require strict proportionality between crime and sentence.  Rather, it

2   forbids only extreme sentences that are 'grossly disproportionate' to the crime."  *Harmelin*, 501

3   U.S. at 1001 (Kennedy, J., concurring) (citing *Solem v. Helm*).  In *Lockyer v. Andrade*, the

4   United States Supreme Court found that in addressing an Eighth Amendment challenge to a

5   prison sentence, the "only relevant clearly established law amenable to the 'contrary to' or

6   'unreasonable application of' framework is the gross disproportionality principle, the precise

7   contours of which are unclear and applicable only in the 'exceedingly rare' and 'extreme' case."

8   538 U.S. at 73 (*citing Harmelin*, 501 U.S. at 957; *Solem*, 463 U.S. at 277; and *Rummel v. Estelle*,

9   445 U.S. 263, 272 (1980)).  In that case, the Supreme Court held that it was not an unreasonable

10  application of clearly established federal law for the California Court of Appeal to affirm a

11  "Three Strikes" sentence of two consecutive 25 year-to-life imprisonment terms for a petty theft

12  with a prior conviction involving theft of $150.00 worth of videotapes.  *Andrade*, 538 U.S. at 75;

13  *see also Ewing v. California*, 538 U.S. 11, 29 (2003) (holding that a "Three Strikes" sentence of

14  25 years-to-life in prison imposed on a grand theft conviction involving the theft of three golf

15  clubs from a pro shop was not grossly disproportionate and did not violate the Eighth

16  Amendment).

17       In assessing the compliance of a non-capital sentence with the proportionality principle, a

18  reviewing court must consider "objective factors" to the extent possible.  *Solem*, 463 U.S. at 290.

19  Foremost among these factors are the severity of the penalty imposed and the gravity of the

20  offense.  "Comparisons among offenses can be made in light of, among other things, the harm

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

1  caused or threatened to the victim or society, the culpability of the offender, and the absolute

2  magnitude of the crime." *Taylor*, 460 F.3d at 1098.[2]

3      The court finds that in this case petitioner's sentence does not fall within the type of

4  "exceedingly rare" circumstance that would support a finding that his sentence violates the

5  Eighth Amendment.  His sentence of twenty-five years to life is certainly a significant penalty.

6  However, as noted by the California Court of Appeal, petitioner had a long history of criminal

7  conduct which continued essentially unabated until he was arrested for his crime of conviction.

8  In addition, petitioner had suffered prior convictions for violent crimes, including rape and

9  attempted murder, and a prior prison sentence in the California Youth Authority.  In *Harmelin*,

10  the petitioner received a sentence of life without the possibility of parole for possessing 672

11  grams of cocaine.  In light of the *Harmelin* decision, as well as the decisions in *Andrade* and

12  *Ewing*, which imposed sentences of twenty-five years to life for petty theft convictions, a

13  twenty-five years to life sentence under the circumstances of this case is not grossly

14  disproportionate.  Because petitioner does not raise an inference of gross disproportionality, this

15  court need not compare petitioner's sentence to the sentences of other defendants in other

16  jurisdictions.  This is not a case where "a threshold comparison of the crime committed and the

17  sentence imposed leads to an inference of gross disproportionality."  *Solem*, 463 U.S. at 1004-05.

18

19      [2] As noted in *Taylor*, the United States Supreme Court has also suggested that reviewing courts compare the sentences imposed on other criminals in the same jurisdiction, and also compare the sentences imposed for commission of the same crime in other jurisdictions.  460

20  F.3d at 1098 n.7.  However,

21      consideration of comparative factors may be unnecessary; the *Solem* Court "did not announce a rigid three-part test."  *See Harmelin*, 501 U.S. at 1004, 111 S.Ct.

22      2680 (Kennedy, J., concurring). Rather, "intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of

23      the crime committed and the sentence imposed leads to an inference of gross disproportionality."  *Id.* at 1004-05, 111 S.Ct. 2680; see also *Rummel v. Estelle*,

24      445 U.S. 263, 282, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) ("Absent a constitutionally imposed uniformity inimical to traditional notions of federalism,

25      some State will always bear the distinction of treating particular offenders more severely than any other State.").

26  *Id.*

8

1   The state court's reliance on *Harmelin* and *Rummel* and its determination that petitioner's

2   sentence did not violate the Eighth Amendment was not an unreasonable application of the

3   Supreme Court's proportionality standard.  Accordingly, this claim for relief should be denied.

4              **2.  Failure to Strike Prior Convictions**

5         Petitioner also argues that the trial court abused its discretion in failing to strike some of

6   his prior convictions at sentencing.  Pet., Attach. 1, Mem. of P. & A. at 1, 5, 6; Traverse at 2.

7   Although this claim has apparently not been exhausted in state court proceedings, the court will

8   nevertheless address it.  *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus

9   may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies

10  available in the courts of the State"); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (a

11  federal court considering a habeas petition may deny an unexhausted claim on the merits when it

12  is perfectly clear that the claim is not "colorable").

13        The California Court of Appeal rejected petitioner's claim in this regard, reasoning as

14  follows:

15              Defendant contends the trial court abused its discretion in denying
                the request to strike seven of the prior felony conviction findings,
16              because it failed to assess individualized factors, particularly his
                future prospects.

17
                "[I]n ruling whether to strike or vacate a prior serious and/or
18              violent felony conviction allegation or finding under the Three
                Strikes law, on its own motion, 'in furtherance of justice' pursuant
19              to Penal Code section 1385(a), ... the court in question must
                consider whether, in light of the nature and circumstances of his
20              present felonies and prior serious and/or violent felony
                convictions, and the particulars of his background, character and
21              prospects, the defendant may be deemed outside the scheme's
                spirit, in whole or in part, and hence should be treated as though he
22              had not previously been convicted of one or more serious and/or
                violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161,
23              69 Cal.Rptr.2d 917, 948 P.2d 429.)

24              The trial court had read the probation report and heard the
                testimony of the defense witnesses, and was fully aware of
25              defendant's talents and limitations.  However, the court also
                recognized that defendant had failed, over many years, to make use
26              of his opportunities for change.  There was no reason for the court

9

1        to believe, based upon defendant's demonstrated indifference to
         becoming a productive member of society, that defendant's future
2        prospects were any brighter than his past had been.  The evidence
         showed defendant was unable to live outside the structure of prison
3        commitment for any significant period without committing crimes.
          Further, even when incarcerated, defendant's propensity for
4        violence and lack of respect for authority reasserted itself, resulting
         in serious violations of jail rules.  Nothing in the evidence before
5        the court suggested defendant had taken himself outside the spirit
         of the three strikes law.  The trial court did not abuse its discretion
6        in denying defendant's application to strike the prior felony
         conviction allegations.

7

8   Opinion at 4-6.

9        Petitioner's claim that he was improperly sentenced because the trial court abused its

10  discretion in declining to strike his prior convictions essentially involves an interpretation of

11  state sentencing law.  "It is not the province of a federal habeas court to reexamine state court

12  determinations on state law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  So long as

13  a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual,

14  racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state

15  statutes are matters of state concern."  *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir.

16  1976).  Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its

17  own sentencing laws does not justify federal habeas relief."  *Christian v. Rhode*, 41 F.3d 461,

18  469 (9th Cir. 1994).[3]

19       The trial court's decision not to strike petitioner's two prior robbery convictions was not

20  fundamentally unfair.  The sentencing judge understood his discretion to strike but declined to

21  do so because of his belief that petitioner was not "outside of the spirit of the three-strike law."

22  April 2, 2004 Pet., Attach., Reporter's Transcript at 10.  The judge noted petitioner's

23  "horrendous record."  *Id.* at 88.  He concluded that, while petitioner had made some

24

25       [3]  Under California law, a trial court's discretionary act at sentencing will not be
    disturbed unless the record suggests a "manifest miscarriage of justice."  *See People v. Arviso*,
26  201 Cal. App.3d 1055, 1059 (1988).

10

1    improvement in terms of the violent nature of his offenses, he was not a "reformed person." *Id.*

2    at 89.  The judge expounded at some length upon his reasons for declining to strike petitioner's

3    prior convictions.  *Id.* at 87-89.  His conclusion that the situation did not warrant the exercise of

4    his discretion to dismiss petitioner's strike priors was not unreasonable under the circumstances

5    of this case.  After a careful review of the sentencing proceedings, the undersigned finds no

6    federal constitutional violation in the state trial judge's exercise of his sentencing discretion.[4]

7    Accordingly, this claim should be denied.

8          For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

9    application for a writ of habeas corpus be denied.

10          These findings and recommendations are submitted to the United States District Judge

11    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one

12    days after being served with these findings and recommendations, any party may file written

13    objections with the court and serve a copy on all parties.  Such a document should be captioned

14    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

15    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

16    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  If

17    petitioner files objections to the findings and recommendations, he may address whether a

18    certificate of appealability should issue in the event he files an appeal of the judgment in this

19    case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or

20    deny a certificate of appealability when it enters a final order adverse to the applicant).  A

21    ////

22    ////

23

24          [4] If petitioner's sentence had been imposed under an invalid statute and/or was in excess
     of that actually permitted under state law, a federal due process violation would be presented.
     *See Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where

25    petitioner's sentence of life imprisonment without the possibility of parole could not be
     constitutionally imposed under the state statute upon which his conviction was based).

26    However, petitioner has failed to make such a showing.

1   certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a

2   substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

3   DATED:  January 28, 2010.

4

5                        EDMUND F. BRENNAN
                         UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26